## PHILBRICK *a.* BOYD.

*Supreme Court, First District; At Chambers, Aug.,* 1863.

CHANGING PLACE OF TRIAL.—CONSENT OF PARTIES.—WAIVER
OF INFORMALITY.

A demand to change the place of trial to the proper county, followed by a
stipulation, from plaintiff, changing to a proper county, though not the. one
suggested by the defendant, is effectual to change the place of trial, "by con-
sent of parties," within the meaning of section 126 of the Code.

Any informality in such stipulation is waived by the defendant's receiving and
retaining it without objection.

In a demand to change the place of trial to the proper county, any suggestion as
to which is the proper county is surplusage.

Motion to change the place of trial.

This action was brought by Joseph Philbrick against Thomas
C. Boyd, to recover the proceeds of the sale of 320 bushels of
wheat, which the plaintiff averred had been improperly sold,
and the proceeds converted to defendant's use. The latter
answered that he received the wheat as warehouseman, with
power to sell, and that he had fully accounted for the proceeds.
The plaintiff lived in Washington county; the defendant in
Monroe county. In .the complaint, New York was named as
the place of trial. The defendant served a notice, reciting the
residence of the parties, that the transactions in question oc-
curred there, and that all the material witnesses lived there;
the notice concluded as follows: "Wherefore this defendant,
pursuant to section 126 of the Code of Procedure, demands
that the trial of this action be had in the proper county, which
this defendant claims and insists is the said county of Monroe."

In answer to this demand, the plaintiff served a stipulation
that the place of trial be changed to Washington county. The
plaintiff then gave notice of a motion, at Ballston Spa, in Sara-
toga county, to change the place .of trial to Kings county, on
the ground of the convenience of witnesses. Defendant made
the present motion in New York to change the place of trial to

Monroe, both as the proper county, and for the convenience of witnesses.

*Wm. Allen Butler*, for the motion.—I. The plaintiff having brought his action in a county where neither of the parties resided, the demand to change the place of trial to Monroe was regular. (*Code*, § 126.)

II. The plaintiff's stipulation was informal and inoperative, and, not having been acceded to by the defendant, must have been disregarded. The proper practice is to amend the complaint. (Wakeman *a.* Sprague, 7 *Cow.*, 164; Toll *a.* Cromwell, 12 *How. Pr.*, 79.)

III. The plaintiff's motion noticed to be heard at Ballston is irrelevant; until the place of trial is changed by amendment, all proceedings must be in the county designated in the complaint. (Bangs *a.* Selden, 13 *How. Pr.*, 163; S. C., *Ib.*, 374; Beardsley *a.* Dickerson, 4 *Ib.*, 81.) That proceeding is a nullity.

IV. The motion should be granted. 1. Monroe is the proper county. 2. The convenience of witnesses requires the change. 3. The fact that the principal transactions between the parties occurred in Monroe is also controlling. (Jordan *a.* Garrison, 6 *How. Pr.*, 6; Hinchman *a.* Butler, 7 *Ib.*, 462, 466; Goodrich *a.* Vanderbilt, *Ib.*, 467.)

*Cornelius Van Santvoord*, opposed.—I. As all that the defendant was authorized to do was to demand that the trial be had in the proper county (*Code*, § 126; Beardsley *a.* Dickerson, 4 *How. Pr.*, 81; Lynch *a.* Mosher, *Ib.*, 88), his assertion that Monroe was the proper county was a nullity.

II. Both Monroe and Washington were proper counties, while New York was not so. (Lynch *a.* Mosher, 4 *How. Pr.*, 88; Beardsley *a.* Dickerson, *Ib.*, 81.) Under section 126 of the Code, the place of trial may be changed as well by consent as by order of court; therefore the giving and acceptance of a stipulation to that effect operated to change the place of trial.

III. By the Judiciary Act of 1847, § 46, the only remedy in case an improper venue was designated was by motion, which must be made before the time for answering expired. The material change which was made by the Code (§ 126), was to

allow the plaintiff an opportunity of voluntarily correcting his error, " by amendment, stipulation, or otherwise." (HUBBARD, J., in Vermont Central R. R. Co. *a.* Northern R. R. Co., 6 *How. Pr.*, 107.) What follows in the case cited in relation to the necessity of an order of the court, is applicable only where the plaintiff refuses to change the place of trial. The argument of the learned judge in relation to a transfer of papers on file is equally fatal to any change by amendment.

IV. The stipulation given by the plaintiff, and received and kept by the defendant without dissent, operated to change the place of trial to Washington county; the present motion is, therefore, irregularly noticed in New York county. (*Code*, § 401, subd. 4.) ·

PECKHAM, J.—It is insisted by defendant's counsel that the stipulation served by plaintiff did not operate to change the place of trial, as it did not comply with the defendant's demand to change to Monroe. It was properly made to change to the proper county, and then it suggested that the proper county was Monroe. The latter portion is a mere suggestion, or matter of advice, no part of the demand. In the same demand it was also suggested that the transaction arose in Monroe, and that all the witnesses resided there. All this was quite immaterial, as it would have been to suggest that the plaintiff had no cause of action. The defendant can scarcely contend otherwise,—as, if the construction he now seeks to make was the true one, his demand was wholly irregular. The demand then was right to change to the proper county. The demand was complied with by the plaintiff by changing to Washington by stipulation, where, it is stated by both sides in the affidavits on this motion, the plaintiff resided. There was the proper county, and it was changed there " by consent of parties," under these circumstances. (*Code*, § 126.)

If there was any informality in plaintiff's stipulation, that was waived by defendant's retaining it without objection.

A demand to change to the proper county, and a stipulation from plaintiff to change, and changing to the proper county accordingly, is a change " by consent of parties."

This motion is therefore irregular, and cannot be made here. Motion denied.